## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, MICHAEL MCKOWN, JOSEPH R. RESCHINI, and CARLO TARLEY as Trustees of the UNITED MINE WORKERS OF AMERICA 1992 BENEFIT PLAN, and<br><br>MICHAEL H. HOLLAND, MICHAEL MCKOWN, WILLIAM P. HOBGOOD, MARTY HUDSON, JOSEPH R. RESCHINI, CARL E. VANHORN, and GAIL R. WILENSKY as Trustees of the UNITED MINE WORKERS OF AMERICA COMBINED BENEFIT FUND,<br><br>                         Plaintiffs,<br>            v.<br>UNITED STATES PIPE AND FOUNDRY COMPANY, LLC,<br>a corporation,<br><br>JW ALUMINUM COMPANY,<br>a corporation, and<br><br>JW WINDOW COMPONENTS, LLC,<br>a limited liability company,<br>193 Judge Don Lewis Blvd<br>Elizabethton, TN 37643 | Civil Action No. 16-cv-01577 ABJ |

## J W WINDOW COMPONENTS, LLC'S ANSWER TO COMPLAINT

Defendant JW Window Components, LLC ("JW Window"), by and through its undersigned counsel, hereby submits the following Answer to Amended Complaint ("Complaint"):

1.      JW Window denies the allegations in Paragraph 1 of the Complaint. JW Window lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint regarding the Trustees of the United Mine Workers of America

1992 Benefit Plan ("1992 Plan") and where they conduct business.  Therefore, JW Window denies those allegations.  The remaining allegations are conclusions of law to which no response is required.  To the extent a response is required, JW Window denies those allegations.

2.      JW Window denies the allegations in Paragraph 2 of the Complaint.  JW Window lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint regarding the Trustees of the United Mine Workers of America Combined Benefit Fund ("Combined Fund") and where they conduct business.  Therefore, JW Window denies those allegations.  The remaining allegations are conclusions of law to which no response is required.  To the extent a response is required, JW Window denies those allegations.

3.      JW Window admits in part and denies the allegations in Paragraph 3 of the Complaint.  JW Window admits that the 1992 Plan was created pursuant to Section 9712 of the Coal Industry Retiree Health Benefit Act of 1992 ("Coal Act").  The remaining allegations are conclusions of law to which no response is required.  To the extent a response is required, JW Window denies those allegations.

4.      JW Window admits in part and denies the allegations in Paragraph 4 of the Complaint.  JW Window admits that the Combined Fund was created pursuant to Section 9702(a) of the Coal Act.  The remaining allegations are conclusions of law to which no response is required.  To the extent a response is required, JW Window denies those allegations.

5.      JW Window lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and, therefore, denies those allegations.

6.      The allegations in Paragraph 6 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, JW Window lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies those allegations.

7.      The allegations in Paragraph 7 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, JW Window lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies those allegations.

8.      The allegations in Paragraph 8 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, JW Window lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies those allegations.

9.      JW Window lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, therefore, denies those allegations.

10.      JW Window lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, denies those allegations.

11.      JW Window admits in part and denies in part the allegations in Paragraph 11 of the Complaint.  JW Window admits that it was a Delaware Corporation until on or about June 12, 2014, when it became a Delaware limited liability company.  JW Window further admits that its plant and main office are located at 193 Judge Don Lewis Blvd, Elizabethton, TN 37643, and that it maintains an administrative office at 4314 Route 209, Elizabethville, PA 17023.  JW Window denies the remaining allegations in Paragraph 11.

12.      The allegations in Paragraph 12 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, JW Window denies those allegations.

13.     The allegations in Paragraph 13 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, JW Window lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies those allegations.

## COUNT I

14.     JW Window lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, denies those allegations.

15.     JW Window lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, therefore, denies those allegations.

16.     The allegations in Paragraph 16 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, JW Window denies those allegations.

17.     The allegations in Paragraph 17 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, JW Window denies those allegations.

18.     The allegations in Paragraph 18 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, JW Window denies those allegations.

19.     The allegations in Paragraph 19 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, JW Window denies those allegations.

20.     JW Window admits in part and denies in part the allegations in Paragraph 20 of the Complaint.  JW Window admits that, by letter dated July 19, 2016, the 1992 Plan alleged

certain claims against JW Window and that the letter speaks for itself.  JW Window denies the remaining allegations in Paragraph 20.

21.    JW Window admits in part and denies in part the allegations in Paragraph 21 of the Complaint.  JW Window admits that it did not establish an Individual Employer Plan for any retirees who were formerly in Walter Energy, Inc.'s Individual Employer Plan.  JW Window denies that it has any obligation to establish or maintain an Individual Employer Plan for any retirees who were formerly in Walter Energy, Inc.'s Individual Employer Plan.  JW Window lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted against U.S. Pipe and JW Aluminum and, therefore, denies those allegations. The remaining allegations in Paragraph 21 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, JW Window denies those allegations.

## COUNT II

22.    The allegations in Paragraph 22 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, JW Window lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies those allegations.

23.    The allegations in Paragraph 23 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, JW Window lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies those allegations.

24.    The allegations in Paragraph 24 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, JW Window denies those allegations.

25.    JW Window admits in part and denies in part the allegations in Paragraph 25 of the Complaint.  JW Window admits that, by letter dated July 19, 2016, the 1992 Plan alleged certain claims against JW Window and that the letter speaks for itself.  JW Window denies the remaining allegations in Paragraph 25.

26.    JW Window lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, therefore, denies those allegations.

27.    JW Window admits in part and denies in part the allegations in Paragraph 27 of the Complaint.  JW Window admits that it did not pay any premiums to the 1992 Plan.  JW Window denies that it owed any premiums to the 1992 Plan.  JW Window lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted against U.S. Pipe and JW Aluminum and, therefore, denies those allegations.  The remaining allegations in Paragraph 27 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, JW Window denies those allegations.

## COUNT III

28.    The allegations in Paragraph 28 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, JW Window lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies those allegations.

29.    JW Window lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, therefore, denies those allegations.

30.    The allegations in Paragraph 30 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, JW Window denies those allegations.

31.     JW Window admits in part and denies in part the allegations in Paragraph 31 of the Complaint.  JW Window admits that, by letter dated July 19, 2016, the Combined Fund's counsel alleged certain claims against JW Window and that the letter speaks for itself.  JW Window denies the remaining allegations in Paragraph 31.

32.     JW Window admits in part and denies in part the allegations in Paragraph 32 of the Complaint.  JW Window admits that it did not pay any premiums to the Combined Fund.  JW Window denies that it owed any premiums to the Combined Fund.  JW Window lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted against U.S. Pipe and JW Aluminum and, therefore, denies those allegations.  The remaining allegations in Paragraph 21 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, JW Window denies those allegations.

## ADDITIONAL DEFENSES

1.     The 1992 Plan did not state a claim upon which relief can be granted.

2.     The 1992 Plan's claims are barred, in whole or in part, by release, waiver, and/or discharge in bankruptcy and/or estoppel by prior Court orders.  JW Window initiated proceedings in the United States Bankruptcy Court for the Middle District of Florida at Case No. 89-9732, where its Chapter 11 bankruptcy case was confirmed in 1995.  As a result, Plaintiffs' claims are barred and prohibited by the discharge JW Window received in its bankruptcy case.

3.     The 1992 Plan's claims must be reduced by the security, administrative expenses, and all other amounts the 1992 Plan collected or has the right to collect from Walter Energy, Inc. and/or its related persons.

4.     The 1992 Plan's claims are barred, in whole or in part, by accord, satisfaction, and/or waiver.

7

5.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

6.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of acquiescence.

7.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of setoff and/or recoupment.

8.      Plaintiffs' claims are barred, in whole or in part, by a failure to mitigate damages.

9.      The 1992 Plan's claims are barred by laches and/or waiver.

10.     The 1992 Plan's claims are barred because the "related person" provisions of the Coal Act, as applied to JW Window, violate the Due Process Clause of the Fifth Amendment to the United States Constitution.

11.     The 1992 Plan's claims are barred because the "related person" provisions of the Coal Act, as applied to JW Window, violate the Takings Clause of the Fifth Amendment to the United States Constitution.

## **JURY DEMAND**

JW Window demands a jury trial.

WHEREFORE, JW Window respectfully requests that the Amended Complaint be dismissed and that the Court award JW Window its costs and such further relief to which it may be entitled.

Date:   June 12, 2017                              Respectfully submitted

                                                  */s/ David J. Laurent*
                                                  David J. Laurent
                                                  DC Bar No. 358591
                                                  Buchanan Ingersoll & Rooney, PC
                                                  One Oxford Centre
                                                  Pittsburgh, PA 15219
                                                  Telephone:  (412) 562-1857
                                                  Facsimile:  (412) 562-1041
                                                  E-Mail:  david.laurent@bipc.com

                                                  Counsel for JW Window Components, LLC

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served today, June 12, 2017, with a copy of this document via the Court's CM/ECF system.

*/s/ David J. Laurent*
David J. Laurent
DC Bar No. 358591
Buchanan Ingersoll & Rooney, PC
One Oxford Centre
Pittsburgh, PA 15219
Telephone:  (412) 562-1857
Facsimile:  (412) 562-1041
E-Mail:  david.laurent@bipc.com

Counsel for JW Window Components, LLC