**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL H. HOLLAND, MICHAEL MCKOWN, JOSEPH R. RESCHINI, and CARLO TARLEY as Trustees of the UNITED MINE WORKERS OF AMERICA 1992 BENEFIT PLAN, and** | |
| **MICHAEL H. HOLLAND, MICHAEL MCKOWN, WILLIAM P. HOBGOOD, MARTY HUDSON, JOSEPH R. RESCHINI, CARL E. VANHORN, and GAIL R. WILENSKY as Trustees of the UNITED MINE WORKERS OF AMERICA COMBINED BENEFIT FUND,** | |
| **Plaintiffs,** | **Case No. 1:16-cv-1577-ABJ** |
| **v.** | |
| **UNITED STATES PIPE AND FOUNDRY COMPANY, LLC, a corporation,** | |
| **JW ALUMINUM COMPANY, a corporation, 435 Old Mount Holly Road Goose Creek, SC 29445** | |
| **JW WINDOW COMPONENTS, LLC, a corporation,** | |
| **Defendants.** | |

## JW ALUMINUM COMPANY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant JW Aluminum Company ("JW Aluminum") responds to the individually-numbered paragraphs of Plaintiffs' Amended Complaint (the "Amended Complaint") and respectfully states as follows:

1.    Paragraph 1 of the Amended Complaint asserts allegations about Plaintiffs and their status as Trustees.  JW Aluminum lacks knowledge or information sufficient to form a

belief as to the truth or falsity of these allegations, and therefore such allegations are denied. Further, Paragraph 1 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, JW Aluminum denies the allegations in Paragraph 1 of the Amended Complaint.

2.      Paragraph 2 of the Amended Complaint asserts allegations about Plaintiffs and their status as Trustees.  JW Aluminum lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and therefore such allegations are denied. Further, Paragraph 2 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, JW Aluminum denies the allegations in Paragraph 2 of the Amended Complaint.

3.      JW Aluminum admits that the 1992 Plan was created pursuant to Section 9712(a) of the Coal Act.  The remaining portions of Paragraph 3 contain conclusions of law to which no responsive pleading is required.  To the extent a response is required, JW Aluminum denies the allegations in Paragraph 3 of the Amended Complaint.

4.      JW Aluminum admits that the Combined Fund was created pursuant to Section 9702(a) of the Coal Act.  The remaining portions of Paragraph 4 contain conclusions of law to which no responsive pleading is required.  To the extent a response is required, JW Aluminum denies the allegations in Paragraph 4 of the Amended Complaint.

5.      JW Aluminum admits that Walter Energy, Inc. ("Walter Energy") is not a named defendant in this action.  JW Aluminum lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 5 of the Amended Complaint, and therefore such allegations are denied.

6.      Paragraph 6 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, JW Aluminum denies the allegations in Paragraph 6 of the Amended Complaint.

7.      Paragraph 7 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, JW Aluminum denies the allegations in Paragraph 7 of the Amended Complaint.

8.      Paragraph 8 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, JW Aluminum denies the allegations in Paragraph 8 of the Amended Complaint.

9.      Paragraph 9 of the Amended Complaint asserts allegations about United States Pipe and Foundry Company, LLC ("U.S. Pipe").  JW Aluminum lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and therefore such allegations are denied.

10.     JW Aluminum admits the allegations of Paragraph 10.

11.     Paragraph 11 of the Amended Complaint asserts allegations about JW Window Components, LLC ("JW Window").  JW Aluminum lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and therefore such allegations are denied.

12.     Paragraph 12 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.

13.     Paragraph 13 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  JW Aluminum lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiffs administer their normal

business activities within the District of Columbia, and therefore JW Aluminum denies the allegations in Paragraph 13.

## COUNT I

14.     Paragraph 14 asserts allegations about Walter Energy.  JW Aluminum lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Amended Complaint, and therefore such allegations are denied.  JW Aluminum further states that the allegations relating to what is required by the Coal Act are conclusions of law to which no responsive pleading is required.  To the extent a response is required, JW Aluminum denies those allegations.

15.     Paragraph 15 asserts allegations about Walter Energy.  JW Aluminum lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Amended Complaint, and therefore such allegations are denied.  JW Aluminum further states that the allegations relating to what Walter Energy was required to maintain under the Coal Act are conclusions of law to which no responsive pleading is required. To the extent a response is required, JW Aluminum denies those allegations.

16.     Paragraph 16 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, JW Aluminum denies the allegations in Paragraph 16 of the Amended Complaint.

17.     Paragraph 17 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, JW Aluminum denies the allegations in Paragraph 17 of the Amended Complaint.

18.     Paragraph 18 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, JW Aluminum denies the allegations in Paragraph 18 of the Amended Complaint.

19.     Paragraph 19 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, JW Aluminum denies the allegations in Paragraph 19 of the Amended Complaint.  JW Aluminum further denies any liability to Plaintiffs.

20.     JW Aluminum admits that it received a letter dated July 19, 2016 sent on behalf of the trustees for the 1992 Plan and the Combined Fund in which the trustees allege that, as "related persons," JW Aluminum and the other defendants were jointly and severally liable for certain liabilities of Walter Energy.  JW Aluminum otherwise denies the allegations in Paragraph 20 and denies any liability to Plaintiffs.  JW Aluminum lacks knowledge or information sufficient to form a belief on the truth or falsity of the allegations against U.S. Pipe and JW Window, and therefore denies the same.

21.     JW Aluminum admits that it does not provide an individual employer plan ("IEP") for retirees who were formerly in Walter Energy's IEP.  JW Aluminum lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted against U.S. Pipe and JW Window, and therefore such allegations are denied.  Paragraph 21 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, JW Aluminum denies the allegations in Paragraph 21 of the Amended Complaint, including that it caused Plaintiffs to sustain loss of income, incur administrative and legal expenses, or suffer injury or that Plaintiffs are without an adequate remedy at law.

## COUNT II

22.     Paragraph 22 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, JW Aluminum denies the allegations in Paragraph 22 of the Amended Complaint.

23.     JW Aluminum lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Amended Complaint, and therefore such allegations are denied.

24.     Paragraph 24 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, JW Aluminum denies the allegations in Paragraph 24 of the Amended Complaint, including that JW Aluminum has any liability to Plaintiffs.

25.     JW Aluminum admits that it received a letter dated July 19, 2016 sent on behalf of the trustees for the 1992 Plan and the Combined Fund in which the trustees allege that, as "related persons," JW Aluminum and the other defendants were jointly and severally liable for certain liabilities of Walter Energy.  JW Aluminum otherwise denies the allegations in Paragraph 25 and denies any liability to Plaintiffs.  JW Aluminum lacks knowledge or information sufficient to form a belief on the truth or falsity of the allegations against U.S. Pipe and JW Window, and therefore denies the same.

26.     Paragraph 26 of the Amended Complaint asserts allegations about the 1992 Plan and Walter Energy.  JW Aluminum lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and therefore such allegations are denied.

27.     JW Aluminum admits that it has not paid premiums to Plaintiffs for April 2016 through July 2016.  However, JW Aluminum denies that it has failed to pay any required

premiums and denies all liability to Plaintiffs.  JW Aluminum denies the remaining factual allegations relating to JW Aluminum in Paragraph 27 of the Amended Complaint.  JW Aluminum lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted against U.S. Pipe and JW Window, and therefore such allegations are denied.  Paragraph 27 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, JW Aluminum denies the allegations in Paragraph 27 of the Amended Complaint, including that it caused Plaintiffs to sustain loss of income, incur administrative and legal expenses, or suffer injury or that Plaintiffs are without an adequate remedy at law.

## COUNT III

28.      Paragraph 28 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, JW Aluminum denies the allegations in Paragraph 28 of the Amended Complaint.

29.      Paragraph 29 of the Amended Complaint asserts allegations about the Combined Fund and Walter Energy.  JW Aluminum lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and therefore such allegations are denied.

30.      Paragraph 30 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, JW Aluminum denies the allegations in Paragraph 30 of the Amended Complaint.  JW Aluminum further denies any liability to Plaintiffs.

31.      JW Aluminum admits that it received a letter dated July 19, 2016 sent on behalf of the trustees for the 1992 Plan and the Combined Fund in which the trustees allege that, as "related persons," JW Aluminum and the other defendants were jointly and severally liable for

certain liabilities of Walter Energy.  JW Aluminum otherwise denies the allegations in Paragraph 31 and denies any liability to Plaintiffs.  JW Aluminum lacks knowledge or information sufficient to form a belief on the truth or falsity of the allegations against U.S. Pipe and JW Window, and therefore denies the same.

32.    JW Aluminum admits that it has not paid premiums to Plaintiffs for May 2016 through July 2016.  However, JW Aluminum denies that it has failed to pay any required premiums and denies all liability to Plaintiffs.  JW Aluminum denies the remaining factual allegations relating to JW Aluminum in Paragraph 32 of the Amended Complaint.  JW Aluminum lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted against U.S. Pipe and JW Window, and therefore such allegations are denied.  Paragraph 32 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, JW Aluminum denies the allegations in Paragraph 32 of the Amended Complaint, including that it caused Plaintiffs to sustain loss of income, incur administrative and legal expenses, or suffer injury or that Plaintiffs are without an adequate remedy at law.

## AS TO THE PRAYER FOR RELIEF

JW Aluminum denies that Plaintiffs are entitled to any of the relief for which they pray in subparagraphs (a)-(m) on pages 8-10 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden other than that required by law, JW Aluminum states the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state any claim upon which an award of attorneys' fees and/or costs can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by release, waiver, and/or discharge in bankruptcy and/or estopped by prior court orders.  JW Aluminum has initiated proceedings in the United States Bankruptcy Court for the Middle District of Florida, where its chapter 11 bankruptcy case was confirmed in 1995, for a determination that Plaintiffs' claims are barred and prohibited by the discharge JW Aluminum received in its bankruptcy case.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of acquiescence.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by payment and/or accord and satisfaction, such that Plaintiffs' claims must be reduced by the security, administrative expenses, and all other amounts Plaintiffs collected or have the right to collect from Walter Energy, Inc., its predecessors, successors, assigns, and/or related persons.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by laches and/or waiver.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, as violating JW Aluminum's rights (i) to due process under the Fifth Amendment of the United States Constitution, and (ii) under the takings clause of the Fifth Amendment of the United States Constitution.

## RESERVATION OF RIGHTS

JW Aluminum has insufficient information available upon which to form a belief as to whether it has available additional, as yet unstated, affirmative defenses.   JW Aluminum specifically reserves all affirmative or other defenses as may become available or appear upon further developments in this case.

## JURY DEMAND

JW Aluminum demands a jury trial on all issues so triable.

WHEREFORE, Defendant JW Aluminum respectfully requests that Plaintiffs take nothing by this lawsuit, that this action be dismissed, and that the Court award JW Aluminum its costs and such further relief, general or special, at law or in equity, to which it may show itself justly entitled.


DATED: June 12, 2017                    Respectfully submitted,

                                        KING & SPALDING LLP

                                        */s/ Michael J. Ciatti*
                                        Michael J. Ciatti
                                            D.C. Bar No. 467177
                                        1700 Pennsylvania Avenue NW #200
                                        Washington, D.C. 20006
                                        Telephone: 202.737.0500
                                        Facsimile: 202.626.3737
                                        Email:  mciatti@kslaw.com

                                        OF COUNSEL:

*/s/ Mark M. Maloney*
Mark M. Maloney
   GA Bar No. 468104
David Tetrick
   GA Bar No. 713653 / FL Bar No. 097500
Kevin J. O'Brien
   GA Bar No. 714849 / VA Bar No. 78886
1180 Peachtree Street, NE
Atlanta, GA 30309
Telephone: 404.572.4600
Facsimile: 404.572.5100
Email:  mmaloney@kslaw.com
       dtetrick@kslaw.com
       kobrien@kslaw.com

*Attorneys for Defendant JW Aluminum Company*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served today, June 12, 2017, with a copy of this document via the Court's CM/ECF system.

/s/ *Michael J. Ciatti*