IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL H. HOLLAND, MICHAEL MCKOWN, JOSEPH R. RESCHINI, and CARLO TARLEY as Trustees of the UNITED MINE WORKERS OF AMERICA 1992 BENEFIT PLAN, and | § § § § § § | |
| MICHAEL H. HOLLAND, MICHAEL MCKOWN, WILLIAM P. HOBGOOD, MARTY HUDSON, JOSEPH R. RESCHINI, CARL E. VANHORN, and GAIL R. WILENSKY as Trustees of the UNITED MINE WORKERS OF AMERICA COMBINED BENEFIT FUND, | § § § § § § § § | |
| 2121 K Street, N.W. Washington, DC 20037 | § § § | Civil Action No. 1:16-cv-01577-ABJ |
| Plaintiffs, | § § § | |
| v. | § § | |
| UNITED STATES PIPE AND FOUNDRY COMPANY, LLC, a corporation, Two Chase Corporate Drive Suite 200 Birmingham, AL 35244 | § § § § § § § | |
| JW ALUMINUM COMPANY, a corporation, 435 Old Mount Holly Road Goose Creek, SC 29445 | § § § § § | |
| JW WINDOW COMPONENTS, LLC, a corporation, 4314 Route 209 Elizabethville, PA 17023 | § § § § § § | |
| Defendants. | § § | |

## UNITED STATES PIPE AND FOUNDRY COMPANY, LLC'S FIRST AMENDED ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant United States Pipe and Foundry Company, LLC ("U.S. Pipe" or "Defendant"), as provided by Federal Rule of Civil Procedure 15(a)(3), files this First Amended Answer to Plaintiffs' Amended Complaint (the "Amended Complaint"), filed on March 29, 2017,[1] pursuant to Federal Rule of Civil Procedure 15(a)(1).  U.S. Pipe respectfully states as follows:

1.      Paragraph 1 of the Amended Complaint asserts allegations about Plaintiffs and their status as Trustees.  U.S. Pipe lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and therefore such allegations are denied.  Further, Paragraph 1 contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, U.S. Pipe denies the allegations in Paragraph 1 of the Amended Complaint.

2.      Paragraph 2 of the Amended Complaint asserts allegations about Plaintiffs and their status as Trustees.  U.S. Pipe lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and therefore such allegations are denied.  Further, Paragraph 2 contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, U.S. Pipe denies the allegations in Paragraph 2 of the Amended Complaint.

3.      U.S. Pipe admits that the 1992 Plan was created pursuant to Section 9712(a) of the Coal Act.  The remaining portions of paragraph 3 contain conclusions of law to which no responsive pleading is required.  To the extent a response is required, U.S. Pipe denies the allegations in Paragraph 3 of the Amended Complaint.

4.      U.S. Pipe admits that the Combined Fund was created pursuant to Section 9702(a) of the Coal Act.  The remaining portions of paragraph 4 contain conclusions of law to which no

---

[1]      Plaintiffs' Amended Complaint was deemed filed on March 29, 2017.  *See* Minute Order dated March 29, 2017; LCvR 15.1 ("The amended pleading shall be deemed to have been filed and served by mail on the date on which the order granting the motion is entered.").

responsive pleading is required. To the extent a response is required, U.S. Pipe denies the allegations in Paragraph 4 of the Amended Complaint.

5.      U.S. Pipe admits that Walter Energy, Inc. ("Walter Energy") is not a named defendant in this action. U.S. Pipe further admits that Walter Energy or its affiliates were engaged in the coal mining business. U.S. Pipe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 5 of the Amended Complaint, and therefore such allegations are denied.

6.      Paragraph 6 of the Amended Complaint contains conclusions of law to which no responsive pleading is required. To the extent a response is required, U.S. Pipe denies the allegations in Paragraph 6 of the Amended Complaint.

7.      Paragraph 7 of the Amended Complaint contains conclusions of law to which no responsive pleading is required. To the extent a response is required, U.S. Pipe denies the allegations in Paragraph 7 of the Amended Complaint.

8.      Paragraph 8 of the Amended Complaint contains conclusions of law to which no responsive pleading is required. To the extent a response is required, U.S. Pipe denies the allegations in Paragraph 8 of the Amended Complaint.

9.      U.S. Pipe admits the allegations of Paragraph 9, except that U.S. Pipe states that it is a limited liability company, and denies that it is a "corporation."

10.     Paragraph 10 of the Amended Complaint asserts allegations about JW Aluminum Company ("JW Aluminum"). U.S. Pipe lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and therefore such allegations are denied.

11.     Paragraph 11 of the Amended Complaint asserts allegations about JW Window Components, LLC ("JW Window").  U.S. Pipe lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and therefore such allegations are denied.

12.     Paragraph 12 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.

13.     Paragraph 13 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  U.S. Pipe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiffs administer their normal business activities within the District of Columbia, and therefore such allegations are denied.

## COUNT I

14.     Paragraph 14 asserts allegations about Walter Energy.  U.S. Pipe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Amended Complaint, and therefore such allegations are denied.  U.S. Pipe further states that the allegations relating to what is required by the Coal Act are conclusions of law to which no responsive pleading is required.

15.     Paragraph 15 asserts allegations about Walter Energy.  U.S. Pipe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Amended Complaint, and therefore such allegations are denied.  U.S. Pipe further states that the allegations relating to what Walter Energy was required to maintain under the Coal Act are conclusions of law to which no responsive pleading is required.

16.     Paragraph 16 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, U.S. Pipe denies the allegations in Paragraph 16 of the Amended Complaint.

17.     Paragraph 17 of the Amended Complaint asserts allegations about JW Aluminum. U.S. Pipe lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and therefore such allegations are denied.  U.S. Pipe further states that the allegations relating to the meaning of the Coal Act are conclusions of law to which no responsive pleading is required.

18.     Paragraph 18 of the Amended Complaint asserts allegations about JW Window. U.S. Pipe lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and therefore such allegations are denied.  U.S. Pipe further states that the allegations relating to the meaning of the Coal Act are conclusions of law to which no responsive pleading is required.

19.     Paragraph 19 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, U.S. Pipe denies the allegations in Paragraph 19 of the Amended Complaint.  U.S. Pipe further denies any liability to Plaintiffs.

20.     U.S. Pipe has looked for the letter referenced in Paragraph 20 but, after a reasonable search, has not located the letter.  As such, U.S. Pipe denies the allegations in Paragraph 20 of the Amended Complaint as they relate to U.S. Pipe.  Further, U.S. Pipe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted against JW Aluminum and JW Window, and therefore such allegations are denied.

21.     U.S. Pipe admits that it does not provide an individual employer plan ("IEP") for retirees who were formerly in Walter Energy's IEP.  U.S. Pipe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted against JW Aluminum and JW Window, and therefore such allegations are denied.  Paragraph 21 of the Amended

Complaint contains further conclusions of law to which no responsive pleading is required.  To the extent a response is required, U.S. Pipe denies the allegations in Paragraph 21 of the Amended Complaint.  U.S. Pipe further denies that it caused Plaintiffs to sustain loss of income, incur administrative and legal expenses, or suffer injury.  U.S. Pipe further denies that Plaintiffs are without an adequate remedy at law.

## COUNT II

22.     Paragraph 22 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, U.S. Pipe denies the allegations in Paragraph 22 of the Amended Complaint.

23.     U.S. Pipe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Amended Complaint, and therefore such allegations are denied.

24.     Paragraph 24 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, U.S. Pipe denies the allegations in Paragraph 24 of the Amended Complaint.  U.S. Pipe further denies any liability to Plaintiffs.

25.     U.S. Pipe has looked for the letter referenced in Paragraph 25 but, after a reasonable search, has not located the letter.  As such, U.S. Pipe denies the allegations in Paragraph 25 of the Amended Complaint as they relate to U.S. Pipe.  Further, U.S. Pipe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted against JW Aluminum and JW Window, and therefore such allegations are denied.

26.     Paragraph 26 of the Amended Complaint asserts allegations about the 1992 Plan and Walter Energy.  U.S. Pipe lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and therefore such allegations are denied.

27.     U.S. Pipe admits that it has not paid premiums to Plaintiffs for April 2016 through July 2016.  However, U.S. Pipe denies that it has failed to pay any required premiums and denies all liability to Plaintiffs.  U.S. Pipe denies the remaining factual allegations relating to U.S. Pipe in paragraph 27 of the Amended Complaint.  U.S. Pipe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted against JW Aluminum and JW Window, and therefore such allegations are denied.  Paragraph 27 of the Amended Complaint contains further conclusions of law to which no responsive pleading is required.  To the extent a response is required, U.S. Pipe denies the allegations in Paragraph 27 of the Amended Complaint.  U.S. Pipe further denies that it caused Plaintiffs to sustain loss of income, incur administrative and legal expenses, or suffer injury.  U.S. Pipe further denies that Plaintiffs are without an adequate remedy at law.

## COUNT III

28.     Paragraph 28 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, U.S. Pipe denies the allegations in Paragraph 28 of the Amended Complaint.

29.     Paragraph 29 of the Amended Complaint asserts allegations about the Combined Fund and Walter Energy.  U.S. Pipe lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and therefore such allegations are denied.

30.     Paragraph 30 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, U.S. Pipe denies the

allegations in Paragraph 30 of the Amended Complaint.  U.S. Pipe further denies any liability to Plaintiffs.

31.     U.S. Pipe has looked for the letter referenced in Paragraph 31 but, after a reasonable search, has not located the letter.  As such, U.S. Pipe denies the allegations in Paragraph 31 of the Amended Complaint as they relate to U.S. Pipe.   Further, U.S. Pipe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted against JW Aluminum and JW Window, and therefore such allegations are denied.

32.     U.S. Pipe admits that it has not paid premiums to Plaintiffs for May 2016 through July 2016.  However, U.S. Pipe denies that it has failed to pay any required premiums and denies all liability to Plaintiffs.  U.S. Pipe denies the remaining factual allegations relating to U.S. Pipe in paragraph 27 of the Amended Complaint.  U.S. Pipe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted against JW Aluminum and JW Window, and therefore such allegations are denied.  Paragraph 32 of the Amended Complaint contains further conclusions of law to which no responsive pleading is required.  To the extent a response is required, U.S. Pipe denies the allegations in Paragraph 32 of the Amended Complaint. U.S. Pipe further denies that it caused Plaintiffs to sustain loss of income, incur administrative and legal expenses, or suffer injury.  U.S. Pipe further denies that Plaintiffs are without an adequate remedy at law.

## **PRAYER**

33.     U.S. Pipe denies that Plaintiffs are entitled to any of the relief for which they pray in subparagrahs (a)-(m) on pages 8-10 of the Amended Complaint.

## DEFENSES

34.     Without assuming any burden other than that required by law, U.S. Pipe states the following:

      a.     Plaintiffs' claims are barred, in whole or in part, by estoppel and/or res judicata and/or collateral estoppel from prior orders and judgments.

      b.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to state a claim upon which relief can be granted and by Plaintiffs' failure to state a claim upon which an award of attorneys' fees and/or costs can be granted.

      c.     Plaintiffs' claims are barred, in whole or in part, by release, waiver, and discharge in bankruptcy.  U.S. Pipe has initiated proceedings in the United States Bankruptcy Court for the Middle District of Florida, where its chapter 11 bankruptcy case was confirmed in 1995, for a determination that Plaintiffs' claims are barred and prohibited by the discharge U.S. Pipe received in its bankruptcy case.

      d.     Plaintiffs' claims are barred, in whole or in part, by payment, release, and/or accord and satisfaction, and/or by the doctrines of setoff and/or recoupment. Plaintiffs' claims must be reduced by, among other things, the security, administrative expenses, and all other amounts Plaintiffs collected or have the right to collect from other persons or entities, including Walter Energy, its predecessors, successors, assigns, and/or related persons.

      e.     Plaintiffs' claims are barred, in whole or in part, by failure to mitigate damages.

f.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

g.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of acquiescence.

h.      Plaintiffs' claims are barred, in whole or in part, by laches, waiver, and/or the applicable statutes of limitations.

i.      Plaintiffs' claims are barred, in whole or in part, because they violate U.S. Pipe's constitutional rights by, among other things, violating U.S. Pipe's rights to due process under the Fifth Amendment of the United States Constitution, and by violating U.S. Pipe's rights under the takings clause of the Fifth Amendment of the United States Constitution.

35.    U.S. Pipe specifically reserves all affirmative or other defenses as may become available or appear upon further developments in this case.

## JURY DEMAND

36.    U.S. Pipe reaffirms its demand for a jury trial and, as allowed by Federal Rule of Civil Procedure 10(c), incorporates by reference its Demand for Jury Trial dated September 29, 2016. *See* Dkt. 10.

WHEREFORE, Defendant U.S. Pipe respectfully requests that Plaintiffs take nothing by this lawsuit, that this action be dismissed, and that the Court award U.S. Pipe its costs and such further relief, general or special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,


VINSON & ELKINS LLP

   */s/ Alden L. Atkins*             
Alden L. Atkins
    D.C. Bar No. 393922
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, D.C.  20037-1701
Telephone:  202.639.6500
Facsimile:  202.639.6604
Email:  aatkins@velaw.com

   */s/ Matthew W. Moran*          
Matthew W. Moran (*Admitted Pro Hac Vice*)
    Tex. Bar No. 24002642
Marissa A. Wilson (*Admitted Pro Hac Vice*)
    Tex. Bar No. 24075626
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201-2975
Telephone:  214.220.7723
Facsimile:  214.999.7723
Email:  mmoran@velaw.com
Email:  mwilson@velaw.com

*Attorneys for Defendant United States Pipe and Foundry Company, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served today, June 20, 2017, with a copy of this document via the Court's CM/ECF system.

  */s/ Alden L. Atkins*
Alden L. Atkins